**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-7146**

———————

VICTOR CLAYTON,

Plaintiff - Appellant,

v.

SERGEANT DWIGHT JOHNSON; OFFICER CATHERINE DEAN; SERGEANT CHARLES K. BARBOUR; OFFICER BUTCH HALPRIN; LIEUTENANT ANGIE HINSON,

Defendants - Appellees,

and

DUNN POLICE DEPARTMENT,

Defendant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20-ct-03252-BO)

———————

Submitted:  March 27, 2025                    Decided:  May 6, 2025

———————

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Victor Clayton, Appellant Pro Se.  Steven Andrew Bader, James Carlton Thornton, CRANFILL SUMNER, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Clayton commenced this 42 U.S.C. § 1983 action alleging various constitutional violations stemming from a warrantless search that eventually led to his prosecution and conviction on federal sex trafficking charges. In particular, Clayton asserted claims for unlawful search, false arrest, false imprisonment, excessive bail, and malicious prosecution, in violation of his Fourth, Fifth, and Eighth Amendment rights. The district court granted summary judgment to Appellees, concluding that Clayton's complaint amounted to an attack on the validity of his criminal convictions. Because Clayton's criminal judgment remains intact, the court held that the complaint was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Clayton appeals. For the reasons that follow, we affirm in part, vacate in part, and remand.

"We review a district court's grant of summary judgment de novo, construing all facts and reasonable inferences in favor of the nonmoving party." *Schulman v. Axis Surplus Ins. Co.*, 90 F.4th 236, 243 (4th Cir. 2024). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

*Heck* provides that a plaintiff cannot maintain a damages claim under § 1983 if success would imply the invalidity of a still-valid conviction or sentence. 512 U.S. at 487; *Brunson v. Stein*, 116 F.4th 301, 306 (4th Cir. 2024), *cert. denied*, No. 24-597, 2025 WL 581610 (U.S. Feb. 24, 2025). This court has explained that, in order for the *Heck* bar to apply, "a judgment in favor of the plaintiff must necessarily imply the invalidity of a plaintiff's conviction or sentence," and "the claim must be brought by a [plaintiff] who is

3

either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practically sought habeas relief while in custody." *Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 197 (4th Cir. 2015) (cleaned up).

Not all § 1983 claims bearing some relationship to a valid criminal judgment are *Heck*-barred, however. *See Heck*, 512 U.S. at 487 & n.7. For example, an unreasonable search and seizure claim "does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt." *Covey*, 777 F.3d at 197. Similarly, "[a] false-arrest claim . . . has a life independent of an ongoing trial or putative future conviction—it attacks the arrest only to the extent it was without legal process, even if legal process later commences." *McDonough v. Smith*, 588 U.S. 109, 122 (2019).

Because it is clear that Clayton cannot demonstrate that the criminal proceedings terminated in his favor, we conclude that the district court correctly dismissed without prejudice the malicious prosecution claim. *Heck*, 512 U.S. at 484-87. As for the balance of the complaint, however, the court did not fully address whether Clayton's claims necessarily implied the invalidity of his convictions. We therefore vacate the dismissal of these claims so that the court can consider them under the appropriate standard.[*]

---

[*] We express no opinion as to whether these claims are or are not *Heck*-barred. Nor do we rule out the possibility that some other theory precludes relief.

4

Accordingly, we affirm the district court's order as to the malicious prosecution claim, vacate the order as the rest of Clayton's claims, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*